■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM COSTANZA, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered May 8, 1970 (upon indictment No. 136/68), convicting him of criminal possession of a dangerous drug in the fourth degree, upon a guilty plea, and imposing sentence. Judgment affirmed. Defendant contends he was deprived of his right to a speedy trial. The history of the prosecution of the indictment upon which this judgment was rendered involves innumerable delays resulting, in part, from applications by defendant for various

forms of relief, adjournments requested or caused by both defendant and the People, and several substitutions of counsel. On February 16, 1970 defendant made a motion, supported by elaborate papers, which, in part, sought to dismiss this indictment and another for failure to prosecute. The motion was strongly opposed by the People. By order dated April 22, 1970 County Court Judge SIGNORELLI wisely ordered a hearing on the issue of whether defendant's right to a speedy trial had been violated, since the issue could not be decided upon the papers submitted. A portion of the hearing was actually held on May 4, 1970. However, on May 8, 1970 the defendant formally withdrew the motion and plead guilty under both indictments. In our opinion, the withdrawal of that motion constituted a waiver of defendant's right to raise this issue on appeal. In view of the complicated factual pattern herein and the conflicting allegations of the parties as revealed by the papers submitted on the motion, a hearing was the only just and feasible method of resolving this issue. Had the hearing been completed and a determination made by the County Court, a proper record would have been made for review by this court. When defendant, who at that point was obviously represented by conscientious and zealous counsel, freely chose to withdraw the motion, he expressed, in the clearest possible terms, his intention to waive the claim that he had been deprived of a speedy trial. Under these circumstances, to allow defendant to revive this issue on appeal would constitute a mockery of the orderly administration of justice. Defendant's other contentions have been considered and rejected. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.